1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    LEONEL CRUZ ROCHE,

9                                    Petitioner,

10          v.

11    DONALD R. HOLBROOK,

12                                    Respondent.

CASE NO. C19-1061 JCC-BAT

**REPORT AND
RECOMMENDATION**

13        Petitioner, a state prisoner proceeding *pro se*, seeks 28 U.S.C. § 2254 habeas relief from

14    his jury-trial conviction for rape, assault, and felony assault, all in the second degree and

15    involving domestic violence against his longtime partner. Dkt. 7; Dkt. 11; Dkt. 14-1, at 1. He

16    alleges violations of the Sixth Amendment because: (**1**) the trial judge denied his right to present

17    a defense by excluding evidence of the victim's mental condition and past domestic violence;

18    and (**2**) defense counsel provided ineffective assistance by not objecting to the judge's

19    evidentiary ruling and by not requesting a jury instruction regarding the victim's mental

20    condition and past violence. Dkt. 7, at 23–31; Dkt. 11, at 2–10. Petitioner did not fairly present

21    these claims to the state supreme court and they are now procedurally barred by the state statute

22    of limitations and the law against successive collateral challenges. The Court recommends

23    **DISMISSING** the § 2254 habeas petition with prejudice because petitioner is procedurally

REPORT AND RECOMMENDATION - 1

1    defaulted from bringing his asserted claims in federal court. The Court recommends **DENYING**

2    the issuance of a certificate of appealability.

3                                            **BACKGROUND**

4            Petitioner was convicted in March 2016. Dkt. 14-1, at 1. On direct appeal, petitioner

5    sought review by the Washington Supreme Court on two issues not presented in his federal

6    habeas petition.[1] Dkt. 14-1, at 134. The state supreme court denied review on February 7, 2018.

7    Dkt. 14-1, at 164. The state court issued the mandate on February 16, 2018. Dkt. 14-1, at 166.

8            In February 2019, petitioner filed a personal restraint petition in which he asserted the

9    same two claims as in the current federal petition: (**1**) the trial court denied him the right to assert

10   self-defense by excluding evidence of the victim's mental condition and past domestic violence;

11   and (**2**) his counsel provided ineffective assistance by not objecting to the trial court's

12   evidentiary ruling and by not requesting a jury instruction regarding the victim's mental

13   condition and past violence. *See* Dkt. 7, at 23–31; Dkt. 11, at 2–10. The Washington Court of

14   Appeals denied the personal restraint petition in May 2019. Dkt. 14-1, at 245–48. Petitioner did

15   not seek review by the Washington Supreme Court and the state appellate court issued a

16   certificate of finality for the collateral challenge in July 2019. Dkt. 14-1, at 250.

17

18

---

19   [1] Petitioner's two issues on direct appeal were:

20       1. Where Roche sought a continuance to obtain an expert to address newly discovered
            evidence and investigate a potentially viable defense, did the court's denial of the motion
21          to continue constitute an abuse of discretion and deprive Roche of his right to present a
            defense and to compulsory process?

22       2. To the extent defense counsel contributed to the error by not anticipating the necessity of
            obtaining an expert at an earlier juncture, did Roche receive ineffective assistance of
23          counsel?

     Dkt. 14-1, at 134.

1    Petitioner mailed his federal habeas petition in July 2019. Dkt. 1. He later filed

2   supplemental briefing that restated his emphasis on his two grounds for habeas relief. Dkt. 7;

3   Dkt. 14. Petitioner did not, however, respond to respondent's brief and therefore does not dispute

4   respondent's assertion that his habeas grounds were not fairly presented to the state courts and

5   are procedurally barred by the statute of limitations and by the law against filing successive

6   collateral challenges. *See* Dkt. 13.

7                                           **DISCUSSION**

8    Before seeking federal habeas relief, a state prisoner must exhaust available state

9   remedies, thereby giving the State the opportunity to pass upon and correct violations of its

10   prisoners' federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To provide the State with the

11   necessary opportunity, the prisoner must "fairly present" his or her claim in each appropriate

12   state court. *Id.* When discretionary state supreme court review is part of the appellate process,

13   whether on direct review or during the judicial postconviction process, "fair presentation" means

14   that a petitioner must present all claims to the highest court in order to permit federal habeas

15   review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Casey v. Moore*, 386 F.3d, 896, 916

16   (9th Cir. 2004).

17    Petitioner did not fairly present his two grounds for habeas relief to the Washington

18   Supreme Court because, though he raised them in his personal restraint petition before the

19   Washington Court of Appeals, he did not seek review of that denial of his collateral attack before

20   the Washington Supreme Court. Despite that petitioner did not fairly present his federal claims to

21   the Washington state courts, he had exhausted his state-court remedies at the time he filed for

22   habeas relief in federal court. This is because petitioner is procedurally barred from pursuing

23   remedies in state court by independent and adequate state grounds: Washington's one-year

REPORT AND RECOMMENDATION - 3

1    statute of limitations for collateral attacks, R.C.W. § 10.73.090, and the state law against second

2    or successive collateral attacks absent good cause, R.C.W. § 10.73.140; *see* R.A.P. 16.4(d).

3    Petitioner's criminal conviction became final in February 2018 and he is now time-barred from

4    filing a personal restraint petition. The Ninth Circuit has held that Washington's time-related

5    procedural statute on personal restraint petitions, R.C.W. § 10.73.090, provides an independent

6    and adequate state ground to bar federal review. *See Shumway v. Payne*, 223 F.3d 982, 989 (9th

7    Cir. 2000). In addition, under Washington law, the state courts will not consider a second or

8    successive personal restraint petition absent good cause showing why the issues were not raised

9    in the prior personal restraint petition. R.C.W. § 10.73.140. Here petitioner *did* raise his two

10   grounds for federal habeas relief in his personal restraint petition; he did not, however, raise

11   them before the state supreme court and has not explained why he chose not to do so. Under such

12   circumstances, petitioner's two grounds for habeas relief are procedurally barred unless he can

13   demonstrate cause and prejudice or actual innocence to excuse his procedural default. *Coleman*

14   *v. Thompson*, 501 U.S. 722, 753 (1991).

15           Petitioner did not file a response to respondent's brief and has therefore not demonstrated

16   cause and prejudice or actual innocence to excuse his procedural default. Moreover, nothing in

17   the record suggests that petitioner can demonstrate cause and prejudice for not fairly presenting

18   his claims to the state supreme court after having already presented them to the state appellate

19   court, and nothing about his claims (challenging an evidentiary ruling and asserting ineffective

20   assistance of counsel) suggests actual innocence.

21           Petitioner is procedurally defaulted from bringing his two grounds for habeas relief in

22   federal court. *See Casey*, 501 U.S. at 735 n.1; *Casey*, 386 F.3d at 920. The Court therefore

23   recommends **DISMISSING** the § 2254 habeas petition with prejudice.


REPORT AND RECOMMENDATION - 4

1

**CERTIFICATE OF APPEALABILITY**

2          A prisoner seeking post-conviction relief under § 2254 may appeal a district court's

3   dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district

4   or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing

5   of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this

6   standard "by demonstrating that jurists of reason could disagree with the district court's

7   resolution of his constitutional claims or that jurists could conclude the issues presented are

8   adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

9   (2003).

10         Under this standard, the Court finds that no reasonable jurist would disagree that

11  petitioner's claims are procedurally defaulted and that he has failed to demonstrate cause and

12  prejudice or actual innocence to excuse the procedural default. The Court therefore recommends

13  against issuance of a COA. Petitioner should address whether a COA should issue in his written

14  objections, if any, to this Report and Recommendation.

15

**OBJECTIONS AND APPEAL**

16         This Report and Recommendation is not an appealable order. Therefore, a notice of

17  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

18  assigned District Judge enters a judgment in the case.

19         Objections, however, may be filed and served upon all parties no later than **November**

20  **25, 2019.** The Clerk should note the matter for **November 29, 2019**, as ready for the District

21  Judge's consideration if no objection is filed. If objections are filed, any response is due within

22  14 days after being served with the objections. A party filing an objection must note the matter

23  for the Court's consideration 14 days from the date the objection is filed and served. The matter

REPORT AND RECOMMENDATION - 5

1   will then be ready for the Court's consideration on the date the response is due. Objections and

2   responses shall not exceed **twelve (12) pages**. The failure to timely object may affect the right to

3   appeal.

4          DATED this 4th day of November, 2019.

5

6                                                 _____
                                                  BRIAN A. TSUCHIDA
7                                                 Chief United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 6